Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Andrew J Feight**
**Amanda L Feight**
   Debtor(s)

Bankruptcy Case No.: 15–70770–JAD
Issued Per 1/16/2020 Proceeding
Chapter: 13
Docket No.: 84 – 80, 83
Concil. Conf.: at

### ORDER OF COURT CONFIRMING PLAN AS MODIFIED
### AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

     IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated 10/24/2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐   A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☑   B.   The length of the Plan is increased to a total of 60 months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐   C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐   D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐   E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐   F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑   G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Pennsylvania Dept. of Revenue [Claim #1]; JP Morgan Chase Bank, N.A. [Claim #13] with payment changes implemented; BB&T [Claim #10] with payment changes implemented .

☑   H.   Additional Terms: The secured claim(s) of the following creditor(s) shall govern as to claim amount, to be paid at the modified plan terms: Portfolio Recovery Associates, LLC [Claim #5]; G. Shaun Akers [Claim #6] paid per order of 12/14/2016 [Doc. #42]

*(2.)*   ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.**     **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**     **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**     **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**     **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**     **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: January 24, 2020

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                         United States Bankruptcy Court
                        Western District of Pennsylvania
In re:                                                           Case No. 15-70770-JAD
Andrew J Feight                                                  Chapter 13
Amanda L Feight
         Debtors                     CERTIFICATE OF NOTICE
District/off: 0315-7          User: skoz                   Page 1 of 2               Date Rcvd: Jan 24, 2020
                              Form ID: 149                 Total Noticed: 25


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 26, 2020.
db/jdb         +Andrew J Feight,    Amanda L Feight,    236 West 5th Avenue,    Everett, PA 15537-9608
14135206       +AES,   Payment Center,    Harrisburg, PA 17130-0001
14135208       +Bob Lazer, O.D.,    120 W. Penn Street,    Bedford, PA 15522-1223
14135211       +Chase,   Cardmember Service,    P.O. Box 15153,    Wilmington, DE 19886-5153
14135210       +Chase,   P.O. Box 24696,    Columbus, OH 43224-0696
14135212       +Conemaugh Memorial Medical Center,    P.O. Box 643928,    Pittsburgh, PA 15264-3928
14135213       +Dayo Navagund Associates,    120 Village Drive,    Greensburg, PA 15601-3787
14377851        ECMC,   PO Box 16408,    St. Paul, MN 55116-0408
14135214       +G. Shaun Akers,    715 Church Street,    Saxton, PA 16678-1211
14135216       +Highmark Blue Shield,    P.O. Box 382178,    Pittsburgh, PA 15251-8178
14194001       +JPMorgan Chase Bank, National Association,     Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
14135218       +PHEAA,   1200 North Seventh Street,    Harrisburg, PA 17102-1444
14159796       +PHEAA,   PO Box 8147,    Harrisburg PA 17105-8147
14135217       +Penelec,    P.O. Box 3687,   Akron, OH 44309-3687
14146579       +Penelec, A FirstEnergy Company,    FirstEnergy,    331 Newman Springs Rd Building 3,
                 Red Bank, NJ 07701-5688

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              E-mail/Text: bankruptcy@bbandt.com Jan 25 2020 02:45:15      BB&T,    Bankruptcy Section,
                 P.O. Box 1847,    Wilson, NC   27894
cr             +E-mail/Text: bankruptcy@bbandt.com Jan 25 2020 02:45:15      Bankruptcy Section BB&T,
                 100-50-01-51,    P.O. box 1847,    Wilson, NC 27894-1847
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 25 2020 02:46:45
                 PRA  Receivables Management LLC,    POB 41067,    Norfolk, VA 23541-1067
14135207       +E-mail/Text: ally@ebn.phinsolutions.com Jan 25 2020 02:45:08      Ally,    P.O. Box 380902,
                 Minneapolis, MN 55438-0902
14149618        E-mail/Text: ally@ebn.phinsolutions.com Jan 25 2020 02:45:08      Ally Financial,
                 PO Box 130424,    Roseville MN 55113-0004
14157581        E-mail/Text: bankruptcy@bbandt.com Jan 25 2020 02:45:15      Branch Banking and Trust,
                 PO Box 1847,    Wilson, NC 27894-1847
14135209        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 25 2020 02:46:44       Capital One,
                 P.O. Box 30285,    Salt Lake City, UT 84130-0285
14159437        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 25 2020 02:46:16
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
14657111        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 25 2020 03:00:20
                 Portfolio Recovery Associates, LLC,    PO BOX 41067,    Norfolk, VA 23541
14139018        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 25 2020 02:45:25
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
                                                                                              TOTAL: 10

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              JPMorgan Chase Bank, National Association
cr*             ECMC,   P.O. Box 16408,    St. Paul, MN  55116-0408
14135215*      +G. Shaun Akers,    715 Church Street,    Saxton, PA 16678-1211
14135219      ##+Susquehanna Bank,    26 N. Cedar Street,    Lititz, PA 17543-1514
                                                                                   TOTALS: 1, * 2, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 26, 2020                                 Signature:  /s/Joseph Speetjens

```
District/off: 0315-7           User: skoz                    Page 2 of 2              Date Rcvd: Jan 24, 2020
                               Form ID: 149                  Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 24, 2020 at the address(es) listed below:

```
          Andrew F Gornall      on behalf of Creditor    JPMorgan Chase Bank, National Association
           andygornall@latouflawfirm.com
          James  Warmbrodt      on behalf of Creditor    JPMorgan Chase Bank, National Association
           bkgroup@kmllawgroup.com
          Kevin Scott Frankel     on behalf of Creditor    JPMorgan Chase Bank, National Association
           pabk@logs.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
          Terry L. Graffius     on behalf of Plaintiff Andrew J Feight tgraffius@lhrklaw.com,
           jbudzina@lhrklaw.com
          Terry L. Graffius     on behalf of Plaintiff Amanda L Feight tgraffius@lhrklaw.com,
           jbudzina@lhrklaw.com
          Terry L. Graffius     on behalf of Debtor Andrew J Feight tgraffius@lhrklaw.com,
           jbudzina@lhrklaw.com
          Terry L. Graffius     on behalf of Joint Debtor Amanda L Feight tgraffius@lhrklaw.com,
           jbudzina@lhrklaw.com
                                                                                             TOTAL: 9
```